IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SIEMENS MEDICAL SOLUTIONS USA, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> SEQUOIA TECHNOLOGIES, et al., <br><br> Defendants. | No. CV-05-529-PHX-FJM <br><br> **ORDER** |

On June 29, 2005, this court signed an order referring plaintiffs' motion for entry of order awarding judgment by default and appointing receiver (doc. 61) to a magistrate judge to conduct such proceedings as may have been necessary under Rule 55(b)(2), Fed. R. Civ. P. We asked for a report and recommendation no later than September 15, 2005.

On July 19, 2005, Magistrate Judge Anderson entered an order requiring briefs from the parties (doc. 68). Plaintiff filed a memorandum entitled "Plaintiffs' Default Hearing Memorandum" (doc. 72), and defendants filed a document entitled "Defendants' Memorandum of Law Re: Defaulted Parties' Participation in Rule 55(b)(2) Damages Hearing" (doc. 74).

Perhaps because neither defendants' opposition to plaintiffs' motion for entry of order awarding judgment by default and appointing receiver (doc. 64), nor defendants'

1  memorandum of law re: defaulted parties' participation in Rule 55(b)(2) damages hearing
2  (doc. 74) raised any real issues with respect to the entry of a default judgment, Magistrate
3  Judge Anderson signed an order on August 9, 2005 requiring the defendants to show cause
4  why judgment in favor of the plaintiffs should not be entered (doc. 77).  Defendants then
5  filed their "Response to Order to Show Cause" (doc. 82) and plaintiffs filed their "Reply in
6  Opposition to Defendants' Response to Order to Show Cause" (doc. 86).

7  Perhaps sensing the weakness of its position, while this was going on, defendants filed
8  a  "Motion to Set Aside Entry of Default Pursuant to Rule 55(c)" on September 16, 2005
9  (doc. 80) and a "Motion for Leave to Conduct Limited Discovery" (doc. 89).

10  Because the motion to set aside (doc. 80) could have a critical effect on the motion
11  for default judgment (doc. 61), we signed an order on October 14, 2005 referring the
12  defendants' motion to set aside to Magistrate Judge Anderson for a second report and
13  recommendation (doc. 87).  Judge Anderson then solicited further briefs and held an
14  evidentiary hearing on the motion to set aside.  He deferred action on the original order of
15  reference pending resolution of the second order of reference.

16  We now have before us Magistrate Judge Anderson's report and recommendation on
17  the motion to set aside (doc. 98).   No objections have been received.  We have read the
18  defendants' motion to set aside (doc. 80), plaintiffs' response, and the report and
19  recommendation. No objections to the magistrate judge's factual findings having been made,
20  we adopt his factual findings as our own.  Based upon those findings, we  conclude as a
21  matter of law that no good cause has been shown to set aside entry of default within the
22  meaning of Rule 55(c), Fed. R. Civ. P.  Accordingly, we accept the recommendation of the
23  magistrate judge (doc. 98), within the meaning of Rule 72(b), Fed. R. Civ. P., and
24  independently DENY defendants' motion to set aside entry of default pursuant to Rule 55(c)
25  (doc. 80). We also accept the magistrate judge's recommendation that defendants' motion for
26  leave to conduct limited discovery be denied on grounds of mootness.  IT IS THEREFORE
27  FURTHER ORDERED DENYING defendants' motion for leave to conduct limited
28  discovery on grounds of mootness (doc. 89).

1       Having resolved the motion to set aside, we are now back to where we started in
2 connection with a motion for default judgment. We now withdraw the reference to the
3 magistrate judge with respect to the motion for default judgment (doc. 61), because having
4 examined defendants' opposition to plaintiffs' motion for entry of default judgment (doc. 64),
5 defendants' memorandum of law (doc. 74), and defendants' response to order to show cause
6 (doc. 82), along with all of the plaintiffs' memoranda associated with these, we are now of
7 the view that there are no triable issues of fact under Rule 55(b)(2), Fed. R. Civ. P., which
8 originally formed the basis for the order of reference. Accordingly, IT IS ORDERED
9 GRANTING plaintiffs' motion for entry of order awarding judgment by default and
10 appointing receiver (doc. 61). Plaintiffs shall lodge with the court an appropriate form of
11 order along the lines originally proposed as refined through the filing of plaintiffs' reply in
12 opposition to defendants' response to order to show cause (doc. 86) and as may be further
13 refined to bring matters up to date. It will be the receiver's task to perform an accounting and
14 make recommendations to the court as to which assets are the subject of fraudulent
15 conveyances and which are not.

16       Finally, the court has before it a motion to intervene filed by Gee, Maximillian Bittner,
17 and Sequoia Bittner, in order to assert a counterclaim (erroneously denominated as a cross-
18 complaint), against plaintiffs seeking to litigate matters foreclosed by the prior default and
19 seeking to assert their interest in trust assets (doc. 99). They also request a hearing (doc.
20 100). We have considered this along with plaintiffs' response and the reply and conclude that
21 it is too late in the day to reopen this litigation. Whatever interest the proposed intervenors
22 have in trust assets can be presented to the appointed receiver. Accordingly, IT IS
23 ORDERED DENYING the proposed intervenors motion to intervene (doc. 99) and
24 DENYING the request for hearing (doc. 100).

1       While we have withdrawn the reference to the magistrate judge, we leave open the
2 possibility of future references in the event that they become warranted. For the clerk's
3 benefit, all matters on the motions report of March 8, 2006 have been resolved by this order.

      DATED this 8th day of March, 2006.

                    /s/ Frederick J. Martone
                        Frederick J. Martone
                        United States District Judge